IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3161-FL

| | |
|---|---|
| DONALD BROGSDALE, III, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| WAKE COUNTY COURT OF JUSTICE, WAKE COUNTY ADMINISTRATION, and CITY OF RALEIGH, | ) |
| Defendants. | ) |

Plaintiff, a pretrial detainee, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Neitzke, 490 U.S. at 328.  Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact."  Id. at 325.  Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff brings this action against defendants the Wake County Court of Justice, the Wake County Administration, and the City of Raleigh.  Plaintiff makes the following allegations in his complaint:

> Re:  Consolidation Felonies Cases 14CRS0062371 15CRS00068 ect
> In light of all cases currently under 5,500.00 secured bond and incarcerated for 7 months All together since arrest date July 1614 through feb 02-15  Court date specifically and clearly been deprived loss of Constitutional Rights during incarceration here of Wake County Detention Center State vs. Oliver and Further Misrepresentation of prior and current misrepresentation highly prejudicial to me and administration of justice potential harm foreseeable therefore deprived my constitutional waiver rights and objection rights  Thus my court of justice rights et. al such unsecured bond to already/active sentence probation.

(Compl. p. 4.) (no alterations made to original text).  As relief, plaintiff seeks monetary damages and "immediate unsecured bond."  (Id.)

Plaintiff's complaint is not a model of clarity.  Plaintiff appears to challenge his current criminal proceedings in North Carolina State court.  The court lacks jurisdiction over this action under Younger v. Harris, 401 U.S. 37 (1971), and its progeny.  See, e.g., Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006) ("In Younger, the Supreme Court detailed our national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." (quotation omitted).  A federal court must abstain from exercising jurisdiction and interfering with a state criminal proceeding if "(1) there is an ongoing state judicial proceeding

2

brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." See id.  The Supreme Court has recognized three exceptions to Younger abstention: "where (1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." See id. (quotations omitted).

Plaintiff's request for injunctive relief falls within Younger.  First, plaintiff alleges that there is an ongoing state criminal proceeding.  Second, "North Carolina has a very important, substantial, and vital interest in preventing violations of its criminal laws." Nivens v. Gilchrist, 319 F.3d 151, 154 (4th Cir. 2003).  Third, plaintiff's "pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir. 1996) (en banc) (quotation omitted).  Moreover, plaintiff's allegations of misconduct in his complaint are insufficient to support a "Younger exception."  Thus, plaintiff's request for injunctive relief is DISMISSED without prejudice.

Alternatively, plaintiff's action is dismissed without prejudice for failure to state a claim because plaintiff failed to provide any factual support for his claim. See Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) (citation omitted); see, e.g., White v. White, 886 F.2d 721, 723 (4th Cir.1989) (stating minimum level of factual support required).

In summary, plaintiff's action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 8th day of December, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge